**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

JENNY MONTOYA EUCEDA,

Plaintiff,

-against-

HONDUMEX RESTAURANT CORP. and ROBERTO MOLINA,

Defendants.

-----------------------------------------------------------X

**Civil Case No.:**

**COMPLAINT**

Plaintiff, JENNY MONTOYA EUCEDA ("Plaintiff"), as and for her Complaint against Defendants, HONDUMEX RESTAURANT CORP. ("Hondumex Restaurant") and ROBERTO MOLINA ("Molina") (collectively, "Defendants"), respectfully alleges as follows:

**NATURE OF THE ACTION**

1. Upon information and belief, Defendants own and operate a Mr. Tacos Mexican Grill in Hempstead, New York.

2. Plaintiff worked for Defendants as a cook.

3. Plaintiff brings this lawsuit seeking to recover unpaid overtime wages and other relief related to her employment with Defendants.

**PARTIES**

4. Plaintiff is an adult female currently residing in the State of New York.

5. Upon information and belief, Hondumex Restaurant is a domestic business corporation duly organized and existing under the laws of the State of New York.

6. Upon information and belief, Molina is an adult male currently residing in the State of New York.

## JURISDICTION AND VENUE

7. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), Articles 6 and 19, and their respective attendant regulations.

8. Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

9. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

10. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

**Defendant Hondumex Restaurant Corp.**

11. Upon information and belief, Hondumex Restaurant maintains its principal place of business at 58 Main Street, Hempstead, New York 11550.

12. At all times relevant to this Complaint, Hondumex Restaurant had and continues to have employees engaged in commerce or in the production of goods and services for commerce, including Plaintiff.

13. At all times relevant to this Complaint, Hondumex Restaurant had and continues to have employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce, including Plaintiff.

14. At all times relevant to this Complaint, Hondumex Restaurant Corp. had an annual gross volume of sales of not less than $500,000.00 for each applicable year of Plaintiff's employment.

15. Hondumex Restaurant Corp. maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices.

16. At all times relevant to this Complaint, Hondumex Restaurant was and is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant to this Complaint, jointly employed Plaintiff.

**Defendant Roberto Molina ("Molina")**

17. At all relevant times of Plaintiff's employment with Defendants, Molina was an individual engaged in business within this judicial district.

18. Upon information and belief, Molina was and continues to be an owner, officer, director, shareholder, and/or managing agent of Hondumex Restaurant.

19. Upon information and belief, at all relevant times, Molina participated in running the daily operations of Hondumex Restaurant.

20. Upon information and belief, at all relevant times, Molina participated in the management and supervision of Plaintiff and her work for Hondumex Restaurant.

21. Upon information and belief, at all relevant times, Molina exercised operational control over Hondumex Restaurant, controlled significant business functions of Hondumex Restaurant, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Hondumex Restaurant in devising, directing, implementing, and supervising the wage and hour practices and policies relating to its employees, including Plaintiff.

22. Upon information and belief, Molina participated in determining the wages and compensation of Hondumex Restaurant's employees, establishing the schedules of its employees, maintaining its employee records, and had the authority to hire and fire its employees, including as such practices applied to Plaintiff.

23. Molina participated in the decision to hire Plaintiff.

24. Molina participated in the decision to fire Plaintiff.

25. Molina participated in deciding the job duties that Plaintiff performed.

26. Molina participated in directing Plaintiff's job duties and responsibilities.

27. Molina participated in the supervision of Plaintiff's job duties and responsibilities.

28. Molina participated in deciding the manner in which Plaintiff was paid.

29. Molina participated in deciding the compensation Plaintiff was paid.

30. Molina was responsible for ensuring Plaintiff was paid properly.

31. At all times relevant to this Complaint, Molina was an employer within the meaning of the FLSA and the NYLL and, at all relevant times, jointly employed Plaintiff along with Hondumex Restaurant.

**Defendants Constitute Joint Employers**

32. Upon information and belief, Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

33. Defendants possessed substantial control over Plaintiff's working conditions and over the policies and practices with respect to the employment and compensation of Plaintiff, referred to herein.

34. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies during Plaintiff's employment.

35. Defendants jointly employed Plaintiff and are Plaintiff's joint employers within the meaning of the FLSA and the NYLL.

**Plaintiff Jenny Yamileth Montoya Euceda ("Plaintiff")**

36. At all relevant times, Plaintiff was an employee of Defendants, as defined by the FLSA and the NYLL.

37. Defendants employed Plaintiff as a cook for their benefit at their Mr. Tacos Mexican Grill.

38. Defendants employed Plaintiff from about June 2021 until April 2026.

39. During the time-period 2021 through 2022, Plaintiff worked six days a week.

40. During this time, Plaintiff worked the following schedule: Monday – 10:00 a.m. to 5:00 p.m., Tuesday – 10:00 a.m. to 11:00 p.m., Thursday – 10:00 a.m. to 5:00 p.m., Friday 10:00 a.m. to 5:00 p.m., Saturday – 10:00 a.m. to 5:00 p.m., and Sunday – 10:00 a.m. to 5:00 p.m.

41. During this time, Plaintiff worked 48 hours a week.

42. During the time-period 2023 to April 2026, Plaintiff worked five days a week.

43. During this time, Plaintiff worked the following schedule: Monday – 5:00 p.m. to 1:30 a.m., Wednesday – 5:00 p.m. to 1:30 a.m., Thursday – 5:00 p.m. to 1:30 a.m., Friday – 5:00 p.m. to 2:15 a.m., and Saturday – 5:00 p.m. to 2:15 a.m.

44. During this time, Plaintiff worked 44 hours a week.

45. Throughout Plaintiff's employment, Defendants paid her by hour.

46. During the years 2021 and 2022, Defendants paid Plaintiff $14.00 an hour.

47. In 2022, the New York State minimum wage rate for Nassau County, New York was $15.00 an hour.

48. During the years 2023 and 2024, Defendants paid Plaintiff $15.00 an hour.

49. In 2024, the New York State minimum wage rate for Nassau County, New York was $16.00 an hour.

50. During the years 2025 and 2026, Defendants paid Plaintiff $16.50 an hour.

51. In 2026, the New York State minimum wage rate for Nassau County, New York is $17.00 an hour.

52. During periods of Plaintiff's employment, Defendants paid Plaintiff less than the New York State statutory minimum wage rate.

53. Throughout Plaintiff's employment, Defendants did not pay Plaintiff overtime compensation for all hours worked in excess of forty (40) each week.

54. Throughout Plaintiff's employment, Defendants did not pay Plaintiff overtime compensation for any of the hours she worked in excess of forty (40) per week at a rate of one-and-one-half times her regular rate of pay.

55. Defendants were aware of Plaintiff's work hours and pay rates but failed to pay her the proper wages to which she was entitled under the law.

56. Defendants did not provide Plaintiff with a complete and accurate wage notice when she was hired, or at any time thereafter, as required by NYLL § 195(1).

57. Defendants did not provide Plaintiff with complete and accurate paystubs along with her weekly earnings, as required by NYLL § 195(3).

58. Because Defendants did not provide Plaintiff with complete and accurate wage notice and paystubs, Plaintiff was kept in the dark about how much he should have been paid.

59. Had Defendants provided such wage notices and statements, Plaintiff would have known that she was entitled to overtime compensation for the hours he worked in excess of forty (40) each week and could have advocated for himself and brought this lawsuit earlier to enforce her rights under state and federal law.

60. However, because Defendants did not provide Plaintiff with complete and accurate wage notice and paystubs, Plaintiff could not rectify the situation, which resulted in her underpayment of wages.

61. As a result of Defendants' failure to provide the required wage notices and statements, Plaintiff has incurred tangible, downstream harm.

62. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights.

63. Plaintiff has been damaged by such failures in an amount to be determined at trial, including without limitation unpaid wages, liquidated damages, statutory damages, interest, and attorneys' fees and costs.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 *ET SEQ*.**
**FAILURE TO COMPENSATE FOR OVERTIME**

64. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

65. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

66. Hondumex Restaurant is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce or engaged in the production of goods for commerce.

67. At all times relevant to this Complaint, Hondumex Restaurant had two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff.

68. Upon information and belief, the gross annual volume of sales made or business done by Hondumex Restaurant in each applicable year was not less than $500,000.00.

69. Hondumex Restaurant was and is subject to the overtime pay requirements of the FLSA because Plaintiff was individually engaged in interstate commerce.

70. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

71. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

72. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

73. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

74. However, none of the Section 13 exemptions apply to Plaintiff because she did not meet the requirements for coverage under the exemptions during their employment.

75. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

76. Defendants did not act in good faith with respect to the conduct alleged herein.

77. As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLES 6 AND 19**
**FAILURE TO PAY OVERTIME**

78. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

79. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

80. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 NYCRR §146.1.4

81. By the above-alleged conduct, Defendants have failed to pay Plaintiff overtime compensation as required by the NYLL.

82. Plaintiff was not exempt from the overtime provisions of the NYLL because she did not meet the requirements for any of the exemptions available under New York law.

83. Plaintiff is a victim of a uniform, unlawful, company-wide compensation policy that has deprived her of proper overtime compensation.

84. Defendants have acted willfully and have either known that their conduct violated the NYLL or have shown a reckless disregard for whether their conduct violated the NYLL.

85. Defendants have not acted in good faith with respect to the conduct alleged herein.

86. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

**COUNT III**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 19**
**FAILURE TO PAY MINIMUM WAGES**

87. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

88. During periods of her employment, Defendants willfully failed to pay Plaintiff at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL § 652.

89. Such failures have constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

90. Defendants have acted willfully and either knew that their conduct violated the New York Labor Law or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

91. Defendants have not acted in good faith with respect to the conduct alleged herein.

92. As a result of Defendants' unlawful practices, Plaintiff has suffered a loss of wages.

93. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

**COUNT IV**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(1)**
**FAILURE TO PROVIDE WAGE NOTICES**

94. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

95. Defendants willfully failed to furnish Plaintiff with wage notices during her employment, including upon hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as her primary language, which was to contain, among other things, the rate or rates of pay and basis thereof; the regular pay day designated by Defendants as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the regular hourly rates of pay and overtime rates of pay.

96. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

97. As a result of Defendants' failure to provide Plaintiff with wage notices, Plaintiff suffered a concrete injury; specifically, Plaintiff worked for approximately three (3) years without knowledge of her correct overtime rate.

98. Had Defendants complied with the law, Plaintiff would not have suffered this injury because she would have either quit or would have made a complaint or otherwise acted to rectify the situation.

99. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

**COUNT V**
**VIOLATION OF NEW YORK LABOR LAW**
**SECTION 195(3)**
**FAILURE TO PROVIDE WAGE STATEMENTS**

100. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

101. Defendants willfully failed to provide Plaintiff with accurate written wage statements each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

102. Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

103. As a result of Defendants' failure to provide Plaintiff with wage statements, Plaintiff suffered a concrete injury; specifically, Plaintiff worked for approximately three (3) years half without knowledge of her overtime rate and the number of hours for which she was paid each week.

104. Had Defendants complied with the law, Plaintiff would not have suffered this injury because she would have either quit or would have made a complaint or otherwise acted to rectify the situation.

105. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, along with costs and attorneys' fees as provided by NYLL § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through her attorneys, The NHG Law Group, P.C., demands judgment against Defendants, jointly and severally, and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

   1. Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation;

   2. Willfully violated the provisions of the NYLL by failing to pay Plaintiff overtime compensation and minimum wages;

   3. Willfully violated the provisions of the NYLL by failing to provide Plaintiff with complete and accurate written wage notices and statements;

B. Award compensatory damages, including all unpaid wages owed, in an amount according to proof;

C. Award liquidated damages under the NYLL or, in the alternative, the FLSA;

D. Award statutory penalties for Defendants' NYLL Section 195 record keeping violations;

E. Award interest on all unpaid wages due accruing from the date such amounts were due;

F. Award all costs and attorneys' fees incurred in prosecuting this action;

G. Award an automatic fifteen percent (15%) increase with respect to any damages not paid within the later of ninety (90) days following the issuance of judgment or the expiration of the time to appeal pursuant to the NYLL; and,

H. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
October 7, 2026

The NHG Law Group, P.C.

By: Justin M. Reilly, Esq.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
justin@nhglaw.com